[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11792
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01638-CV-ORL-12-JGG

CYNTHIA M. VASIL,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE CLAIMS
REVIEW COMMITTEE, o.b.o. UPS
Flexible Benefits Long Term Disability Plan,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Appellant Cynthia M. Vasil sues Appellee United Parcel Service Claims Review Committee (the Committee) pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, claiming the Committee erred when it denied her benefit payments under an employer-provided group long-term disability policy. The district court conducted a de novo review and concluded the Committee's benefits-denial decision was not "wrong." Accordingly, the district court granted the Committee summary judgment under the first step of the test we articulated in *Williams v. BellSouth Telecommunications, Inc*. See 373 F.3d 1132, 1138 (11th Cir. 2004) (stating the district court's first step in reviewing a claim administrator's benefits-denial decision is to "[a]pply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (*i.e.*, the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision").

On appeal, Vasil argues the first step of the *Williams* test contravenes the precedent the Supreme Court established in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948 (1989). Recognizing that this panel cannot overturn *Williams*, Vasil petitioned for hearing en banc on May 26, 2006. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("A prior panel decision of this Court is binding on subsequent panels and can be overturned only by the Court

2

sitting en banc."). No judge in regular service on the Court requested that the Court be polled on hearing en banc, however, and we denied Vasil's petition on August 23, 2006. *See* Fed. R. App. P. 35; 11th Cir. R. 35-5. *Williams* thus remains binding precedent in our circuit, and Vasil's challenge to the first step of the *Williams* test must fail. Moreover, after reviewing the record, the parties' briefs, and the relevant case law, we conclude the district court did not err when it determined the Committee's benefits-denial decision was not "wrong."[1] We accordingly affirm the district court's grant of summary judgment to the Committee.

AFFIRMED.

---

[1] In the interests of thoroughness, the district court also analyzed Vasil's claim under the *Williams* test's four remaining steps and held the Committee was entitled to summary judgment under these steps as well. Because we agree with the district court's conclusion that the Committee's benefits-denial decision was not "wrong" under the first step of the *Williams* test, we need not address the district court's alternative holdings that the Committee was also entitled to summary judgment under the other steps of the *Williams* test.